IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-871-F |
| | ) | |
| ANTHONY CLARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

In his complaint, the plaintiff names Williams Vines as a defendant in this cause of action.  Service was attempted but unperfected on this individual because he was not known at the address provided by the plaintiff.  If a person has not been served, he/she is not a party to this lawsuit except in very unusual circumstances.  Consequently, in order to maintain litigation against Williams Vines, the plaintiff must furnish the clerk's office with correct addresses for this individual.  Accordingly, it is

ORDERED that on or before November 2, 2005 the plaintiff shall furnish the clerk's office with the correct address of Williams Vines.  **The plaintiff is advised that the court will not continue to monitor this case to ensure that the defendants he wishes to sue have been served**.  This is the plaintiff's responsibility.  Moreover, the plaintiff is specifically cautioned that if service is not perfected on Williams Vines he will not be considered a party to this cause of action, the court will on its own initiative dismiss the claims against Williams Vines, and this case will proceed against only the defendant on

whom service has been perfected.  *See* Rule 4(m), *Federal Rules of Civil Procedure*.

Done this 19th day of October, 2005.


/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE