IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY BENNETT,           ) | |
|                            ) | |
|    Plaintiff,       ) | |
|                            ) | |
| v.                         ) | CIVIL ACTION NO. 2:05-CV-871-F |
|                            ) | [WO] |
|                            ) | |
| ANTHONY CLARK, et al.,     ) | |
|                            ) | |
|    Defendants.      ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 12, 2005, Jeffery Bennett ["Bennett"], a county inmate, filed this complaint under 42 U.S.C. § 1983. On October 19, 2005, this court entered an order, a copy of which the Clerk mailed to Bennett. Postal authorities returned this order because Bennett was no longer at the address he had provided for service.

In the order of procedure entered in this case, the court specifically instructed Bennett to immediately inform the court of any new address. *See Order of September 14, 2005 - Court Document No. 4* at 4. In light of Bennett's failure to comply with this directive, the court entered an order requiring "that . . . [o]n or before November 14, 2005, the plaintiff . . . show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." *Order of November 2, 2005 - Court Doc. No. 8* at 1.

The order further cautioned Bennett that his failure to provide the court with his

address would result in a recommendation that this case be dismissed. *Id*. at 2. As of the present date, Bennett has filed nothing in response to the November 2, 2005 order. The court therefore concludes that this case is due to be dismissed.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to prosecute this action and his failure to comply with the orders of this court.

It is further

ORDERED that on or before December 5, 2005 the parties shall file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of November, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE